

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. H. Cavness
State Auditor and Efficiency Expert
Austin, Texas

Dear Mr. Cavness:

Opinion No. O-4920

Re: Right of office of the present Board of Directors of Webb County Conservation and Reclamation District.

You state the following situation for an opinion by this Department of the questions hereinafter shown:

"In connection with our current audit of the books and records of the Department of State, which records include an official register of State, District, County and Precinct officers, we have come upon a situation concerning which it appears necessary to request your official opinion in order that we may make a proper report.

"This involves the right to office, the right to enter upon the duties of office and the right to continue in possession of office, of five registered directors of the Webb County Conservation and Reclamation District, a State agency.

"Senate Bill No. 329, as passed at the Regular Session of the Forty-sixth Legislature, created this authority of the State, effective April 24th, 1939, and included the following provision:

"'The State Board of Water Engineers shall designate, subject to approval by the Governor, the first Board of Directors. . . .'"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable C. H. Cavness - page 2

"In the records of the Secretary of State
we have been unable to locate any indica-
tion of 'approval by the Governor' in this
matter. We find that on August 15th, 1939,
the Secretary of State received the follow-
ing letter:

"'August 14, 1939

"'Mr. T. L. Beauchamp
Secretary of State
Austin, Texas

Dear Sir:

"We are enclosing the Oaths
of Office of the Directors of the
Webb County Conservation and Recla-
mation District in order that you
may issue Certificates of Commis-
sion to them.
                    Yours very truly
      (S)           A.W.McDonald, Secretary,
                    State Board of Water
                    Engineers.'

"On the same date Mr. Beauchamp replied by
letter to the effect that before Commissions
could be issued it would be necessary for each
of the gentlemen named to pay the statutory
$1.00 Commission Fee.

"On August 22nd, 1939, the Secretary of
State received a check for $5.00 from one of
the 'Directors' of the District and Commissions
were issued as follows:

"A.W.Muller,Laredo,Texas. Four year term.
Ruben W.Davies,Laredo,Texas. Four year term.
John J.O'Hern,Laredo,Texas. Two year term.
Teodesia Gutierrez,Jr.,Laredo,Texas. Two year
   term.
J.C.Metzer, Laredo, Texas. One year term.

"The above mentioned letters and the official
Oaths and Commissions constitute the entire record
of this Board in the files of the Secretary of

State. We shall greatly appreciate your opinion, or answers, on the following questions:

"(1)    Does the fact that the appointments were
        not approved by the Governor make them
        of no effect?

"(2)    Does 'approval by the Governor', under pro-
        visions such as above, constitute in fact
        appointment by the Governor to the extent
        that such appointments would be subject to
        confirmation by the Senate?  (As above in-
        ferred, there is no record of Senate con-
        firmation in this case).

"(3)    If the answer to question No. 1 above means
        that these Directors were not legally quali-
        fied, to what extent, if any, would the Com-
        missions issued vest in the persons named
        the rights to those offices or the rights
        to enter upon the duties of those offices?

"(4)    If you find this Board of Directors illegal-
        ly holding office, do you find that any or
        all contracts to which they may have been a
        party are binding upon the District, or that
        any or all of their official acts as such
        were legal?

"(5)    If you find that these Directors had no rights
        to or of office were they entitled to any com-
        pensation or expenses for the performance of
        the duties of those offices?

"(6)    If they were not entitled to any or all such
        sums as may have been paid to them as compen-
        sation or expenses, are such sums subject to
        recovery and if so upon which officer or
        agency of the State devolves the duty of
        instituting proceedings to recover?

"(7)    In Section 4 of this Senate Bill it is provided
        that vacancies on the Board of Directors,
        by expiration of term, shall be fill-

ed by the Board itself. Is this possibly
'self-perpetuating' power, which appears
to be vested in this Board, in conflict
with any Constitutional or Statutory pro-
visions?

"(8)   Is the provision for four-year terms
of office for two of the five Directors, as
provided in that Section 4, consonant with
Section 30a of Article XVI of the Constitu-
tion?"

The issuance of the commissions to the Board mem-
bers named by you constitutes an approval by the Governor of
the designation made by the State Board of Water Engineers.

There is no precise form of approval by the Govern-
or required by the Act. It merely makes necessary a conscious,
intentional act approving the designation of the members by
the State Board of Water Engineers, and certainly the act of
issuing the commissions to the designated members would be most
cogent, and to our minds, conclusive evidence of the required
approval.

We take your statement, to the effect that the
Secretary of State issued the commissions, to shew that the
Secretary of State lawfully attested the commissions previous-
ly signed by the Governor and attached the State's seal there-
to, as he is required to do.

Section 20, of Article IV, of the Constitution, de-
clares:

"All commissions shall be in the name
and by the authority of the State of Texas,
sealed with the State's seal, signed by the
Governor and attested by the Secretary of
State."

Article 3040 of the Revised Civil Statutes pro-
vides:

"The Governor shall commission all of-
ficers except Governor, members of Congress,
electors for President and Vice-President of
the United States, members of the Legislature
and municipal officers."

Moreover, you advise us orally that your statement, that the commissions were issued by the Secretary of State, was based upon the records of the office of Secretary of State, and that you had not seen the original commissions.

We ourselves have not seen any of such commissions, but assuming as we must, that the Secretary of State did his duty, they were signed by the Governor when they were attested by the Secretary of State.

We therefore answer your questions in the order you have stated them, as follows:

(1) Since the Governor has approved the appointment, as hereinabove shown, such appointments were not ineffective for the want of "approval", but the appointments nevertheless were subject to confirmation by the Senate, as we shall show in the answer to your Question No. 2.

(2) The members of the Board are State officers, and as such their appointment is required to be confirmed by the Senate, as we hold in Opinion No. O-4964 this day delivered to you.

At the time these appointments were made, August 22, 1930, the Legislature was not in session, so that the matter of senatorial confirmation could only become necessary or of importance upon the convening of the 47th Legislature, at which time the term of one member, Mr. Netzer, had expired. During this period no senate confirmation was possible, and therefore none was required to make the acts of the Board lawful.

(3) As above indicated, we think the Board of Directors were legally appointed and qualified, with full authority to act until such time as their terms have ended and their authority has lawfully ceased.

Article IV, Section 12, of the Constitution, provides:

"All vacancies in State or district offices, except members of the Legislature, shall be filled unless otherwise provided by law, by appointment of the Governor,

which appointment, if made during its session, shall be with the advice and consent of two-thirds of the Senate present. If made during the recess of the Senate, the said appointee, or some other person to fill such vacancy, shall be nominated to the Senate during the first ten days of its session. If rejected, said office shall immediately become vacant, and the Governor shall, without delay, make further nominations, until a confirmation takes place. But should there be no confirmation during the session of the Senate, the Governor shall not thereafter appoint any person to fill such vacancy who has been rejected by the Senate; but may appoint some other person to fill the vacancy until the next session of the Senate or until the regular election to said office, should it sooner occur. Appointments to vacancies in offices elective by the people shall only continue until the first general election thereafter."

It will be seen this Section does not purpert to terminate the authority of a recess appointee, except in the event of a rejection by refusal to confirm. In other words, Section 17, of Article XVI of the Constitution, declaring that "all officers within the State shall continue to perform the duties of their offices until their successor shall be duly qualified", applies to recess appointees, with the exception above mentioned -- that is, of a rejection of confirmation by the Senate.

This point was before this Department in the matter of the tenure of Tom King, State Auditor, wherein we held:

"Since you were appointed during the recess of the Senate, nominated to the Senate at its present session, and by that body rejected, you have come squarely into that part of said Section wherein it provides that 'if rejected, said office shall immediately become vacant.'" (O-3348)

The decision in Denison v. State, 61 S. W. (2) 1017, writ of error refused, is pertinent; Justice Baugh, writing the opinion, said:

"The language 'if rejected said office shall immediately become vacant, and the Governor shall, without delay make further nominations until a confirmation takes place,' clearly and by necessary implication denies to a nominee whose confirmation has been rejected by the Senate, any right whatever to occupy the office or to discharge, after such rejection, any of the duties thereof."

It is our opinion, therefore, that the Board members under consideration held over under the recess appointments in virtue of the Constitution above quoted, (Article XVI, Section 17) until their successors have been or will be duly appointed and qualified. So that, their official acts during such tenure are those of lawfully constituted officers.

(4) Question (4) finds its answer in what we have said in the last preceding paragraph.

(5) Section 5 of the Act authorizes the selection by the Board of a Secretary, General Manager and a Treasurer, who shall have such powers and duties, and shall hold office for such time, as may be provided in the by-laws. It further provides that "the Board shall fix the compensation of such officers."

This we construe to mean that the Secretary and Treasurer referred to are officers of the Board as such, and therefore that members of the Board may be and should be selected to these positions, and to that extent such member Secretary and member Treasurer would be entitled to the compensation fixed by the Board. This conclusion is not contrary to any public policy whatever, because the legislative fiat creates public policy, and it could not be contrary to public policy to do the precise thing expressly authorized by the Legislature to be done.

But as to the manager, this reasoning will not obtain, because the manager could not perform any function as manager of the Board, but could perform managerial functions with respect to the business or activities of the Board, under the Act, and it was in this sense only that the office of manager is created.

In our Opinion No. O-410 we hold that Mr. Jones, a member of the Board of Directors of Texas Technological College, was not eligible for and could not accept the position of President of the institution by election of the Board of which he was a member, although he had tendered his resignation, which, however, had not been accepted. The decision was based upon the public policy that an officer (such as a member of the Board of Directors of the institution) should not be allowed to profit in anywise as by the selection to an office of emolument by the election by the Board of which he was a member. Your question, therefore, should be answered accordingly, that is, the Board member Secretary and the Board member Treasurer should receive such compensation as may have been provided by the Board, but the manager could not receive fees or compensation whatever as such, if he is at the same time a member of the Board.

(6) We do not deem it proper to answer this question, further than to suggest, if your examinations should show what you take to be probably an improper expenditure or use of funds of the district, that you make known such matter, together with the facts in your possession, to this Department, to the end that we may check the matter or matters, and take such steps as in the opinion of this Department are proper and lawful.

(7) We know of no constitutional provision forbidding the provision of Section 4 that vacancies on the Board of Directors by expiration of terms shall be filled by the Board itself. Such procedure, we think, does not violate the principle that the Legislature may not abrogate its power to legislate or delegate to another that power, since an over-all right of control necessarily does continue with the Legislature not only to provide the method of the selection of directors, but to control the agency in any way it thinks proper, and even to abolish it.

506

(8)   Section 4 of the Act provides the tenure
of the first directors of the Board to be "one member to
serve for one year, two members to serve for two years,
and two members to serve for four years." This, in our
opinion, is not in violation of Section 30a, of Article
XVI, of the Constitution. It will be noted that Section
30a deals specifically with the members of the "Board of
Regents of the State University, and the boards of trus-
tees or managers of the educational, eleemosynary, and
penal institutions of the State;" but it further declares,
"And such boards as have been, or may hereafter be estab-
lished by law, may hold their respective offices for the
term of six years, one-third of the members of such Board
to be elected or appointed every two years in such manner
as the Legislature may determine." The language, "Such
boards as have been or may hereafter be established by
law", embraces the Board under consideration, but they
constitute maxima and not minima tenures.   In other
words, Section 30a is to be considered in the nature of
an exception to Section 30 prescribing a maximum tenure
as to those offices not otherwise fixed by the Constitu-
tion.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED OCT 29, 1942

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN